UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 11-57-KSF

DELTA NATURAL GAS COMPANY, INC., *et al*,                                    PLAINTIFFS

v.  **OPINION & ORDER**

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PENNSYLVANIA, *et al,*                                        DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This action arises from the alleged loss of natural gas from an underground storage well owned by the plaintiffs, Delta Natural Gas Company, Inc. ("Delta Gas"), Delgasco, Inc. ("Delgasco"), Enpro, Inc. ("Enpro"), and Delta Resources, Inc. ("Delta Resources") (collectively, "the Plaintiffs"). The Plaintiffs made a property insurance claim for this loss under an all-risks policy issued by the defendants, National Union Fire Insurance Company of Pittsburgh, Pennsylvania, AIG Global Energy North America, and Chartis U.S., Inc. America (collectively, "the Defendants"). The Defendants denied the Plaintiffs' claim, and Plaintiffs subsequently filed this declaratory judgment and breach of contract action in Clark Circuit Court on January 7, 2011. The Defendants timely removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1132, 1441, 1446 [DE #!].

While the parties agree that the Plaintiffs carry the initial burden of proof, they disagree as to the elements of the Plaintiffs' burden of proof. During their conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties agreed to seek the Court's determination of the elements of the Plaintiffs' burden of proof [DE #9]. As a result, the Court ordered the parties to file

briefs on this issue [DE #10]. The briefs have been timely filed, and this matter is now ripe for review.

I.     **FACTUAL BACKGROUND**

The Plaintiffs own a natural gas storage well, known as well 119, on Canada Mountain in Bell County, Kentucky. The bottom of the gas storage well is located thousands of feet underground. In order to protect against the loss of any natural gas from this storage well and others, the Plaintiffs obtained an all-risks insurance policy from the defendants. This Policy provides, in relevant part:

> COVERAGE: PERILS INSURED AGAINST
>
> This Policy covers the property insured hereunder against all risks of direct physical loss or damage occurring during the period of this Policy from any external cause, except as hereinafter excluded or limited.

[DE# 14-2].

During the policy period, the Plaintiffs contend that the natural gas storage well leaked natural gas. The cause of the leak is not clear. While the Plaintiffs expected that this loss of natural gas would be covered under the all-risks policy, the Defendants have denied their claim because the Plaintiffs have not been able to prove the cause of the loss and that the cause was due to some external event.

II.     **ANALYSIS**

The parties disagree as to the elements of the Plaintiffs' prima facie case. The Plaintiffs contend that the law requires them to demonstrate the existence of an all-risks insurance policy and that there was a loss of covered property during the policy period due to a fortuitous event. The Defendants' position is that the Plaintiffs must show direct physical loss or damage to property insured, occurring during the policy period, from an external cause, and not the result of inherent

quality, wear and tear, or defect. Because Kentucky courts have not directly addressed this issue, the parties have cited cases from other jurisdictions to support their arguments. After careful review of the parties' briefs and the relevant case law, the Court determines that the Plaintiffs' contention that they need not establish an external cause of the loss is misplaced for two reasons.

First, the Policy itself is clear and unambiguous, insuring "against all risks of direct physical loss or damage occurring during the period of this Policy **from any external cause**" [DE #14-2 (emphasis added)]. Under Kentucky law, the Court must afford this provision of the Policy its plain and ordinary meaning. *Nationwide Mut. Ins. Co. v. Nolan*, 10 S.W.3d 129,131 (Ky. 1999). Additionally, the burden is on the Plaintiffs to establish that the incident at issue was within the scope of the policy. *Secura Ins. Co. v. Gray Const. Ins.*, 717 F.Supp. 710, 715 (W.D. Ky.2010). There is simply no controlling authority which would eliminate the Plaintiffs' burden of proving an external cause for the alleged loss of natural gas.

Second, the Plaintiffs' argument that they need not prove an external cause fails because proving an external cause is implicit in proving a fortuitous event, which the Plaintiffs have already conceded is part of their burden. While the Plaintiffs have cited cases where the courts have not required insureds to prove an external cause, these cases are distinguishable. For instance, the Plaintiffs rely on *Morrison Grain Co. v. Utica Mutual Ins. Co.*, 632 F.2d 424 (5th Cir. 1980), wherein there was an obvious external cause of damage to insured property. While the court held that the insured did not need to prove the "precise cause" of the loss, it still had the burden to show direct physical loss or damage from some external cause. The insured in *Morrison Grain* set out two possible external causes of the loss, and provided evidence and testimony related to these two possible causes. In the present case, unlike *Morrison Grain*, there is no obvious external cause.

Other cases cited by the Plaintiffs, including *Atlantic Lines Ltd. v. Am. Motorists Ins. Co.*, 547 F.2d 11, 13 (2nd Cir. 1976), *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253 (6th Cir. 1994), and *Univ. of Cincinnati v. Arkwright*, 51 F.3d 1277 (6th Cir. 1995), are distinguishable because the cause of the loss in those cases was obvious and not in question. For instance, in *Atlantic Lines* and *Persian Galleries*, the property loss at issue was due to theft, clearly an external cause. The courts in these cases did not address whether the insureds' burden to prove fortuity included an implied requirement of an external cause because the loss was the result of an obvious external cause - theft. In *Arkwright*, an insured made a claim for costs related to removing asbestos from its building prior to demolition. The issue before that court was whether the removal of asbestos was fortuitous. Again, the court did not address the need to prove an external cause because there was an obvious external cause - removal of asbestos.

The Court finds the cases cited by the Defendants to be the most persuasive when considering the Policy and circumstances at issue here. The Defendants first rely on *Avis v. Hartford Fire Ins. Co.*, 195 S.E.2d 545, 548-49 (N.C. 1973), where the Court required the insured to prove an external cause as part of its burden of proof obligations even though the policy at issue in that case did not include the "external cause" language at issue in this case. The court held that coverage under an all-risks policy is triggered only when the following conditions are met: (1) the loss must be fortuitous; i.e., caused by a fortuitous event; (2) the loss or damage must not result wholly from an inherent quality or defect in the subject matter; (3) the loss or damage must not result from the intentional misconduct or fraud of the insured; and (4) the risk must be lawful. The same reasoning was applied by the court in *Standard Structual Steel Co. v. Bethlehem Steel Corp.*, 597 F.Supp. 164, 191 (D.Conn. 1984). At issue there was whether the insured could recover under an all-risks policy

4

insuring against "[a]ll risks of direct physical loss or damage to the insured property from any external cause, except as hereinafter provided" covered the loss when bridge cable the insured had designed broke off. The court held as follows:

> [I]nsurance should only cover losses resulting from a casualty. There is no casualty unless some risk is involved. Damage which is certain and inevitable and which either (1) proceeds from an inherent vice or infirmity present at the time that the policy was issued as a veritable time-bomb, already set and ticking, or (2) is the natural, expected result of normal wear and tear or deterioration, is not the result of a casualty and cannot be covered. Thus, the requirements of a fortuitous or accidental event, and of an external, rather than an internal or inherent cause work together to guarantee that no loss may be insured against unless it arises from a sudden, accidental and unexpected source . . . an all risk policy covers only losses caused by "fortuitous and extraneous" event. . . Thus, every all-risk policy includes, as a part of its fortuitousness requirement, an implicit requirement of external cause.

*Id*. at 191-92 (internal citations omitted). This Court agrees with the reasoning set forth in *Avis* and *Bethlehem Steel*.

For these reasons, the Court determines that the Plaintiffs, in order to satisfy their initial burden of proof, must prove direct physical loss or damage to property insured, occurring during the policy period, from an external cause, and not the result of inherent quality, wear and tear, or defect. However, while the Plaintiffs must come forward with evidence of some external cause, the Court does not hold that the Plaintiffs must prove the *precise* cause of the loss.

## III.   CONCLUSION

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)   the Defendants' motion regarding the Plaintiffs' burden of proof [DE #13] is **GRANTED**;

(2)   the Plaintiffs' motion for partial summary judgment on the issue of burden of proof [DE #14] is **DENIED**; and

(3)     the Plaintiffs' motion for oral argument [DE #19] is **DENIED**.

This May 23, 2011.



Signed By:
*Karl S. Forester*   KSF
**United States Senior Judge**